**ORIGINAL**

# In the United States Court of Federal Claims

No. 12-860C
January 9, 2014

**FILED**

JAN 9 2014

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * * * *
JAY B. STAMMERJOHAN,

        Plaintiff,

v.

UNITED STATES,

        Defendant.
* * * * * * * * * * * * * * * * *

Pro Se Plaintiff; In Forma Pauperis Application; Motion to Dismiss; Lack of Subject Matter Jurisdiction.

    **Jay B. Stammerjohan**, Culver City, California, pro se.

    **Joshua A. Mandlebaum**, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., for defendant. With him were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

    Pro se plaintiff Jay B. Stammerjohan filed a handwritten complaint in the United States Court of Federal Claims, alleging tortious conduct and omissions by the City of Los Angeles, California and the California State Department of Transportation, including personal injuries to his wrist and foot, and denial of his federal Social Security benefits. Plaintiff's complaint is confused, hard to follow, and in part, hard to read. Plaintiff also filed an application to proceed in forma pauperis. His complaint states, in part:

    My complainT Fallow's

    This will Be a shorT Letter as my wrist is BaDly Damage Due To my INjury's FRom caLtRaN's misTaKe wHicH I Have a FiBeR Glass BRace

> iN TheiR caLtRaN's cRew puT coNe's up a oN Ramp witH No SigH's sHowing aNy worK BeiNg DoNe They puT cone's ¾ up The Ramp BlocKiNg me To sTop aT my Pullover Lane iF Their aRe caR's comeing See Drawing's I DiD Fill out The PaperworK They give me aND ThaN I WaS ToLD NO Help I was ToLD To geT a ATTorney By June 29 2011 BuT I DID <u>NoT</u> Have The money anD I was LieD To By the mayoR's oFFice staff The city oveRsee's CaLTRaN's worKeR's I sent LeTTeR's To MR OBaMa + The Full 9 memBer's oF The SupReme CouRT aND the city oF LA City couNcil I Feel ThaT calTRan's Has maDe a mistake anD NeeD's To ReFine Their Crew's witH BeTTer SAFeTy. I am SenDing all the PapeR's oN my Foot Damage That The city oF LA NeeD's To Pay For Plus The Damage's I am asking where Fore aND my motorcycle was Damage aND I Do Now Drive a sTReeT ScooToR OuLy NoT oN The Fwy
>
> Thank you I LosT my chance oF SS BeNFiT's[1]

Plaintiff's complaint also includes a "LisT oF LosT's," in which he outlines the recovery he seeks:

> From The ciTy oF Los Angele's
> $13,000,695 To my mom
> The city of LA will Have my LeFt Leg
> ExRayED aND will Pay FoR any woRK
> oN my LeFT FooT wHicH I Sent The DocTor's
> RePoRT's Plus A new Driving LiceNse To Replace
> My soon To Exp. I SeNT copy's wiTH a
> 20 yeaR Exp DaTe
>
> FROM CaLTRan's
> 25 million BuT I will cuT a Deal I
> wanT 2 million Now Plus $25,000 PeR
> monTH Till I am 80 yeaR's oLD
> wHicH will Be All Tax FRee

Plaintiff indicates that he is fifty-six years old, and, therefore, requests twenty-four years of payments of approximately $25,000.00 per month, that is, approximately $7,200,000.00 in monetary relief, in addition to an immediate payment of $2,000,000.00.

Plaintiff includes five attachments to his complaint. First, he includes a hand drawn map of where he alleges the negligent actions and omissions occurred, stating "Since when Doe's caLTRaN's PuT cone's oN a OW Ramp mayBe 100 FeeT FRom Top NO sigH oN sTReeT ThaT Day." Plaintiff also includes a radiological diagnostic report concerning his ankle and foot, from the University of California, Los Angeles

---

[1] Throughout this Order, spelling, capitalization, and grammar are included as it appears in the original documents filed by Mr. Stammerjohan.

2

(UCLA) Medical Center. Additionally, he includes a UCLA, outpatient rehabilitation plan, which identifies pain and instability in plaintiff's ankle and recommends six weeks of physical therapy. Plaintiff also includes a response he received from the Office of the District Attorney for Los Angeles County, California, explaining its "inability to assist [him] with this . . . wholly . . . civil matter" and that he "would best be served by hiring a civil attorney," or that he should "consult one of the city's many Legal Aid offices." As a final attachment, plaintiff includes a letter from the Mayor of the City of Los Angeles, California, thanking him for "taking the time to contact my office to express your views and concerns," on the bottom of which letter are handwritten, the words, "NO HeLp."

In his Application to Proceed In Forma Pauperis, filed on the same day he filed his complaint, Mr. Stammerjohan repeats his claim for missing Social Security payments. He states that he was receiving "[$]236" every two weeks from the United States Social Security Administration, but that those payments terminated on November 17, 2012. Plaintiff alleges that "they cut me Lose" and that the amount paid thus far "is short as They owe Me One moRe Payment." In his Application to Proceed In Forma Pauperis, plaintiff states that he is unable to pay the requisite filing fee, and lists as assets $17.00 in a bank account and a scooter worth $2,500.00.

After defendant filed a motion to dismiss, plaintiff submitted a handwritten letter, which repeats the allegations stated in his earlier complaint:

Dear JuDge Horn

iF you are To sit on my case AS A JuDge I Hope you will uNDeR sTand what The city oF Los Angele's and calTRaN's Has cosT me I Do The Best witH The Damage To my wRisT witH A FiBer Glass Brace iN siDe anD NOT ABe To See a Doctor FOR The swelling in my FooT my chance's To Have a good JOB aNd I am STill iN PaiN This AcT Has cosT me any chance's oF SOCiAL SecuRity BenFit's whicH I DO NOT wanT RigHt NOW AS I am onLy 55 year's OLD BuT, I Feel ThaT AS The city NeeD's To Pay Back my mom aND neeD's To geT me To a FOOT DOCTOR aND aFter my ReHiBe FinD me a JOB aND as FoR calTRaN's AT FiRst I wisheD To shuT Them DowN BUT as TO TheacH Them a LissoN I Feel iF They Pay The 2.5 million Plus The 25,000 peR moNTH Till I am 80 or DeaD I Have sent manly LeTTer's out AND when I Do wRiTe This cost mIe PaiN as my wRist is wreak I can still To Do LigHt use on LigHT Tools aND I only DRive ScooToR's aND I Feel my use oF a Reg moTORCycle is mayBe Gone I Do my BesT To Help my mom BuT I Do Need To geT BacK To woRK I HaTe NoT ABle To DO my NigHt JoB's wiTH The LA time's JOBs AS I am oNly To woRK LigHt my TRaDe Has Been only with The Time's aND my Day chore's oF Fishing + camping sale's PeRson

    Thank you
    Jay

3

As noted above, the United States filed a motion to dismiss plaintiff's claims for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) (2013), alleging that plaintiff's claims sound in tort and that his claims are against a party other than the United States. To date, plaintiff has not responded to the government's motion to dismiss, although plaintiff has been allotted more time than provided to do so under the court's Rules.

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading."'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. 249, 253 (2007))).

As indicated above, plaintiff's Application to Proceed In Forma Pauperis indicates that he has been unemployed since December of 2010, has no source of income, and has not received any gifts, inheritances, pensions, annuities, life insurance, rents, interest or dividends in the last twelve months. He also claims he does not own real estate, stock, or bonds, but indicates that he has $17.00 in a savings or checking account, and a vehicle worth $2,500.00. In order to provide access to this court to those who cannot pay the filing fees mandated by RCFC 77.1(c), the statute at 28 U.S.C. § 1915 (2006) permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217-18 (1993); Fuentes v. United States, 100 Fed. Cl. 85, 92

(2011). In Fiebelkorn v. United States, the United States Court of Federal Claims indicated:

> [T]he threshold for a motion to proceed in forma pauperis is not high: The statute applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.

Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Hayes v. United States, 71 Fed. Cl. 366, 369 (2006). Plaintiff qualifies for in forma pauperis status. As is discussed below, however, his complaint must be dismissed for lack of jurisdiction in this court.

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction...may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc., v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's

jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (Supp. V 2011). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based

on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself....can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

Although plaintiff's complaint lists this case as filed against the United States, plaintiff also is asserting claims for money damages against the City of Los Angeles and the California Department of Transportation, an agency of the State of California. This court has no jurisdiction to recover claims for money damages sought against private parties, or local, county, or state agencies, rather than federal agencies. Pursuant to RCFC 10(a), all claims in the United States Court of Federal Claims must have "the United States designated as the party defendant." RCFC 10(a); see also 28 U.S.C. § 1498(a)(1) (2006). The United States Supreme Court has indicated, for suits filed in the United States Court of Federal Claims and its predecessors, "[i]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941) (citations omitted). Stated differently, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) (emphasis in original); see also United States v. Sherwood, 312 U.S. at 588; Hover v. United States, 113 Fed. Cl. 295, 296 (2013); May v. United States, 80 Fed. Cl. 442, 444 ("Jurisdiction, then, is limited to suits against the United States."), aff'd, 293 F. App'x 775 (Fed. Cir. 2008). This court has no jurisdiction over plaintiff's claims against state entities or private parties. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); Woodson v. United States, 89 Fed. Cl. 640, 649 (2009) ("When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." (quoting Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007))). Therefore, to the extent that the plaintiff is bringing a claim against a defendant other than the United States, as appears to be the case in the complaint filed in this court by Mr. Stammerjohan, the complaint must be dismissed.

Moreover, to the extent that plaintiff requests any relief from conduct sounding in tort, as a result of any physical injuries to his wrist and ankle, related medical expenses, and impairment of earning capacity, the Tucker Act expressly excludes tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a)(1); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513 U.S. 961 (1994); Trevino v. United States, 113 Fed. Cl. 204, 209 (2013); May v. United States, 104 Fed. Cl. 278, 281 (2012), aff'd, 2013 WL 3984993 (Fed. Cir. 2013); Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. dismissed, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. at 650; McCullough v. United States, 76 Fed. Cl. 1, 3 (2006); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied, (Fed. Cir. 2006).

In addition to plaintiff's complaint for money damages from the City of Los Angeles and the California Department of Transportation, plaintiff asks the court to direct the state of California to issue him a new driver's license. This court, however, does not have the authority to grant the type of equitable or declaratory relief plaintiff requests. The United States Court of Federal Claims has limited, specific jurisdiction to grant declaratory relief. The United States Court of Appeals for the Federal Circuit has stated that:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998); see also United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing United States v. King, 395 U.S. 1, 4 (1969) ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'") and Placeway Constr. Corp. v. United States, 920 F.2d 903, 906 (Fed. Cir. 1990))); James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) ("[T]he Court of Federal Claims has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" (quoting Austin v. United States, 206 Ct. Cl. 719, 723 (1975), cert. denied, 423 U.S. 911 (1975)), reh'g denied (1999); Westlands Water Dist. v. United States, 109 Fed. Cl. 177, 192 (2013); Halim v. United States, 106 Fed. Cl. 677, 685 (2012); Smalls v. United States, 87 Fed. Cl. 300,

307 (2009); Pryor v. United States, 85 Fed. Cl. 97, 103 (2008) ("Apart from ordering relief under 28 U.S.C. §§ 1491(a)(2) or (b)(2), the Court of Federal Claims has no power to grant a declaratory judgment. . . . The Court of Federal Claims cannot adjudicate a complaint that seeks only declaratory relief." (citing Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d at 717)). None of the exceptions which permit the United States Court of Federal Claims to grant declaratory and equitable relief apply to plaintiff's claims. This court, therefore, does not have jurisdiction to grant plaintiff the kind of declaratory relief, in the form of a driver's license, that he requests.

Mr. Stammerjohan also alleges that the United States Social Security Administration wrongfully ended payments to him, and, consequently, he is owed money by the United States. Plaintiff states that he had been receiving $236.00 every two weeks from the United States Social Security Administration, but that such payments stopped on November 17, 2012. Plaintiff does not provide any other relevant information on the matter, relying on the statement that he lost his "chance" for Social Security benefits. As the United States Court of Appeals for the Federal Circuit recognized in Marcus v. United States, the United States Court of Federal Claims "has no jurisdiction under the Tucker Act, 28 U.S.C. § 1491(a)(1) . . . over claims to social security benefits." Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (citing Weinberger v. Salfi, 422 U.S. 749, 756-67 (1975) for the proposition that "42 U.S.C. §§ 405(g) and (h) (1982) require that action for Social Security benefits must be brought in district court"); cf. Alabama Hospital Ass'n v. United States, 228 Ct. Cl. 176, 656 F.2d 606 (1981)); see also Treece v. United States, 96 Fed. Cl. 226, 230 (2010); Addams-More v. United States, 81 Fed. Cl. 312, 315 (2008). Because 42 U.S.C. § 405 does not list the United States Court of Federal Claims as a court which can review a claim seeking "judicial review of the Commissioner's final decision," this court lacks jurisdiction to entertain plaintiff's Social Security claim.

## CONCLUSION

Because the court lacks jurisdiction to entertain any of plaintiff's claims, defendant's motion to dismiss is **GRANTED** and plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order.

**IT IS SO ORDERED.**

MARIAN BLANK HORN
Judge