ORIGINAL

# In the United States Court of Federal Claims

No. 12-860C
January 31, 2014

FILED
JAN 3 1 2014
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JAY B. STAMMERJOHAN, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Pro Se Plaintiff; Motion for Reconsideration; Motion for Relief from Final Judgment; RCFC 60(b). |

**Jay B. Stammerjohan**, Culver City, California, pro se.

**Joshua A. Mandlebaum**, Trial Attorney, Civil Division, Commercial Litigation Branch, United States Department of Justice, Washington, D.C., for defendant. With him were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

Following the court's January 9, 2014 Order granting defendant's motion to dismiss pro se plaintiff Jay B. Stammerjohan's complaint, plaintiff filed a short, undated, handwritten letter addressed to the undersigned on January 27, 2014. As indicated in the court's January 9, 2014 Order, when reviewing a pro se plaintiff's filings, plaintiff is afforded liberal construction of his or her filings. See Haines v. Kerner, 404 U.S. 519, 520-21, reh'g denied, 405 U.S. 948 (1972). Therefore, given plaintiff's pro se status, the court has carefully reviewed plaintiff's recent letter and accepts it for filing as a motion for relief from final judgment pursuant to Rule 60(b) of the Rules of the United States Court of Federal Claims (RCFC) (2013), although it was not filed in accordance with the Rules of the court.

In his letter, Mr. Stammerjohan states that the court's decision "WAS BacK Too FasT,"[1] and that it made fun of plaintiff. The letter stated: "DiD you ThinK iT's RigHt To maKe FuN To maKe FuN oF a peRsoN HaNDWRiTEiNg aND The LacK oF A WRisT whicH is aT 46% Now."[2] The court did not intend to offend plaintiff; instead, the court was trying to accurately describe plaintiff's complaint and reflect plaintiff's arguments as written. The court hopes that Mr. Stammerjohan will understand no ill intention was meant towards him personally, and that the court's dismissal of plaintiff's complaint was based on an analysis of the applicable legal precedent and the procedural rules which govern the court's actions.

Plaintiff's letter continues, and addresses his earlier stated claim against the United States Social Security Administration, which he previously alleged "cut me Lose." Now, plaintiff alleges, instead, that, "a misTaKe HAS BeeN maDe 1$\underline{st}$ I WAS GeTTiNg The moNey From EDD[3] NOT SOCiAL SECURiTy." Additionally, plaintiff re-alleges his claims against the State of California Department of Transportation, stating that "This ACT oF Damage From The CalTRaN's WoRK CRew show They aRe Still HiDeing UNDeR a RocK." Plaintiff repeats his request for compensation from the State of California Department of Transportation, but alters the amount of his request: "I chaNge The SuiLT To ⌀ 3.5 MillioN FiRsT ThaN 750.$\underline{00}$ peR MoNTH Till I am 80 yeaR's oLD," as well as for $13,000,695.00, tax free, for his mother.

Mr. Stammerjohan then maintains in his most recent letter that "SoCiAl SecuRiTy ToLD me The Damage is NoT To KepT me FRom working," but that he will, nonetheless, have trouble finding a job due to his injuries and lack of computer skills. Plaintiff further maintains that "I will Be Faceing To Be HomeLess As My MOM HealTH FADe's my New So called HealTH caRe PlaN gives me oNly 10% peRceNT oF see a DeNTisT." He also alleges that he cannot service his motorcycle "Due To I SOLD TWO MaNLy itam's witTHouT a VoB oR as aT 1 Time I HAD 2 you Tell me How I caN Live." Plaintiff attaches three invoices related to maintenance and repair of his motorcycle to his letter in support of his allegations.

---

[1] Throughout this Order, spelling, capitalization, and grammar are included as it appears in the original document filed by Mr. Stammerjohan. Regarding plaintiff's claim that the court's decision was returned too quickly, as noted in the court's January 9, 2014 Order, Mr. Stammerjohan had failed to respond to defendant's motion to dismiss, although, as stated in that Order, "plaintiff has been allotted more time than provided to do so under the court's Rules."

[2] Plaintiff also states in his most recent submission that "I wisH FoR you To LooK aT The XRAy copy oN The DVD AND LooK aT The Damage," allegedly to plaintiff's wrist, although no DVD or CD was found in plaintiff's filing when it reached the Clerk's office. Nonetheless, review of its contents would not likely affect the jurisdictional issues underpinning the court's decision to dismiss plaintiff's complaint.

[3] While not explained in plaintiff's letter, EDD may reference the State of California Employment Development Department.

Plaintiff concludes his letter by stating that, "Now iT's Time To cleaN up This mess By ReopeaNing The case aND geT CalTRaN's To cleaN up As They Feel They wish To HiDe." Below his signature, he adds: "CAlTRaN's Has No RigHT To iNjuReR DRiveR's. Now yeT As I AsK whaT Do you ThiNK is FaR? May we Talk." His request to reopen the case is the reason the court has accepted his most recent letter filing as a request for relief from final judgment pursuant to RCFC 60(b).

Pursuant to RCFC 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."[4] RCFC 60(a). In addition, under RCFC 60(b), a court may, "[o]n motion and just terms," relieve a party from a final judgment for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under RCFC 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

RCFC 60(b); see also Lone Star Indus., Inc. v. United States, 111 Fed. Cl. 257 (2013). As indicated in RCFC 60(c), "[a] motion under RCFC 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." RCFC 60(c).

As noted by this court in CNA Corp. v. United States, 83 Fed. Cl. 1 (2008), aff'd, 332 F. App'x 638 (Fed. Cir. 2009):

> In determining whether a motion is properly classified under RCFC 60(a) or RCFC 60(b), the United States Court of Appeals for the Federal Circuit has stated:
>
>> Rule 60(a) affords relief from minor clerical mistakes or errors arising from simple oversight or omission. See James

---

[4] RCFC 60(a) indicates that "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." RCFC 60(a). To date, no appeal has been filed in the above captioned case.

> W. Moore and Jo Deshap Lucas, Moore's Federal Practice ¶ 60.06[1] (2d ed.1993); see also United States v. Bealey, 978 F.2d 696, 699 (Fed. Cir. 1992). It is intended to allow the judgment to "speak the truth," but not to substantially alter the rights of the parties thereto. See [11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2854 (1973 & Supp. 1993)]. Errors of a more substantial nature are more appropriately correctable under subdivision [60](b). See Moore, supra, ¶ 60.06[4].

Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d 1021, 1029 (Fed. Cir. 1994).

CNA Corp. v. United States, 83 Fed. Cl. at 7.

A request for relief from a judgment is not intended to permit a party to retry its case when it previously was afforded a full and fair opportunity to do so. The United States Court of Appeals for the Federal Circuit has stated that: "The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.), reh'g denied (Fed. Cir. 1990). "A ruling upon a 60(b)(6) motion is within the sound discretion of the court, and is reviewed only for abuse of that discretion." McCollum v. Sec'y of Health & Human Servs., 91 Fed. Cl. 86, 90 (2010) (citing Sioux Tribe of Indians v. United States, 14 Cl. Ct. 94, 101 (1987), aff'd, 862 F.2d 275 (Fed. Cir. 1988), cert. denied, 490 U.S. 1075 (1989)), aff'd, 412 F. App'x 307 (Fed. Cir. 2011); see also Entergy Nuclear FitzPatrick, LLC v. United States, 711 F.3d 1382, 1386 (Fed. Cir. 2013). "[T]he Federal Circuit has noted that, as 'a remedial provision, Rule 60(b) is to be liberally construed for the purpose of doing substantial justice.'" Vessels v. Sec'y of Dep't of Health & Human Servs., 65 Fed. Cl. 563, 568 (2005) (quoting Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d at 1030); see also Curtis v. United States, 61 Fed. Cl. 511, 512 (2004) ("The court has discretion regarding whether to grant relief under Rule 60(b), 'and the court may weigh equitable considerations in the exercise of its discretion.'" (quoting Dynacs Eng'g Co. v. United States, 48 Fed. Cl. 240, 241–42 (2000))).

In a motion for relief from final judgment, "'[t]he movant . . . must do more than merely reassert[ ] arguments which were previously made and carefully considered by the court.'" Osage Tribe of Indians of Okla. v. United States, 97 Fed. Cl. 345, 348 (2011) (quoting Bannum, Inc. v. United States, 59 Fed. Cl. 241, 243 (2003)) (alterations in original) (discussing the standards applicable to both RCFC 59(a) (2013) and RCFC 60(b)). "'[T]he moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice.'" Id. (quoting Matthews v. United States, 73 Fed. Cl. 524, 525 (2006)) (alteration in original). A motion for relief from judgment is not an opportunity to relitigate one's case or present evidence that the movant could have brought earlier. See Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d 1378, 1383 (Fed. Cir. 2002) ("We see no reason why [movant] should be entitled to a second

opportunity to present its case. Just as Rule 60(b)(6) is unavailable to reopen a judgment on grounds of newly discovered evidence (that existed at the time of trial), it is unavailable to reopen a judgment on the grounds that new evidence has come into being after the trial has been concluded.").

"Under Rule 60(b)(1), relief may be granted from 'judicial error' when inadvertence is shown and the motion is made within a reasonable time." Patton v. Sec'y of the Dep't of Health and Human Servs., 25 F.3d at 1030. Moreover, "[u]nder RCFC 60(b)(6), a court may vacate a party from a final judgment whenever appropriate to accomplish justice." AmBase Corp. v. United States, 112 Fed. Cl. 179, 183 (2013). However, "[t]he court will typically grant relief pursuant to RCFC 60(b)(6) only on a showing of 'exceptional or extraordinary circumstances.'" McCollum v. Sec'y of Health & Human Servs., 91 Fed. Cl. at 90 (quoting Louisville Bedding Co. v. Pillowtex Corp., 455 F.3d 1377, 1380 (Fed. Cir. 2006)); see also Fiskars, Inc. v. Hunt Mfg. Co., 279 F.3d at 1382 ("Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b).").

Plaintiff does not ask the court to review its prior claim against the United States Social Security Administration, and appears to argue that it never made such a claim. Nonetheless, the court briefly repeats, as explained in the earlier January 9, 2014 Order dismissing plaintiff's complaint, that claims against the United States Social Security Administration are outside of this court's jurisdiction. See Marcus v. United States, 909 F.2d 1470, 1471 (Fed. Cir. 1990). Plaintiff's new allegation against the State of California Employment Development Department, and renewed allegation against the State of California Department of Transportation, are not claims made against the federal government. As also explained in the court's earlier January 9, 2014 Order, this court has no jurisdiction over claims made against state entities or private parties. See Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1308 (Fed. Cir. 2007); Woodson v. United States, 89 Fed. Cl. 640, 649 (2009) ("When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." (quoting Shalhoub v. United States, 75 Fed. Cl. 584, 585 (2007))). To the extent plaintiff seeks redress in tort, the court further previously explained in the January 9, 2014 Order that the Tucker Act expressly excludes tort claims from the jurisdiction of the United States Court of Federal Claims. See 28 U.S.C. § 1491(a)(1) (Supp. V 2011); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008); Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998). Finally, regarding plaintiff's request for equitable relief in his letter, including his instruction to "geT CalTRaN's To cleaN up As They Feel They wish To HiDe," such measures are outside the jurisdiction of this court. See Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998); see also United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000).

Mr. Stammerjohan alleges no new facts or legal arguments in his recent letter to the court that would allow this court to take jurisdiction to hear his claims for relief, nor has he shown mistake, inadvertence, surprise, excusable neglect, newly discarded evidence, or fraud.  <u>See</u> RCFC 60(b).  Therefore, plaintiff's motion for relief from final judgment is **DENIED**.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**